The STATE of Ohio, Appellee,

v.

ALLEN, Appellant.

[Cite as *State v. Allen* (2001), 142 Ohio App.3d 291.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000721.

Decided April 20, 2001.

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for appellee.

*Stephen J. Wenke,* for appellant.

WINKLER, Judge.

Defendant-appellant Ricky Allen was convicted in 1984 of rape, aggravated burglary, and felonious assault. In September 2000, sixteen years into his confinement for those offenses, Allen was ordered to be returned from the penitentiary for a hearing to determine if he should be classified as a sexual predator. At that hearing, the trial court found Allen to be a sexual predator and entered judgment accordingly. From that judgment, Allen has appealed.

Allen contends in his first assignment of error that R.C. 2950.09 violates the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution. In his second assignment of error, he asserts that the sexual-predator legislation violates the Double Jeopardy Clause of the United States Constitution. In his third assignment of error, he contends that R.C.

2950.09 is unconstitutionally vague. We overrule the first, second, and third assignments of error on the authority of *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, certiorari denied (1999), 525 U.S. 1182, 119 S.Ct. 1122, 143 L.Ed.2d 116, and *State v. Williams* (2000), 88 Ohio St.3d 513, 728 N.E.2d 342, certiorari denied (2000), 531 U.S. 902, 121 S.Ct. 241, 148 L.Ed.2d 173.

■ In his fourth assignment of error, Allen argues that the trial court's sexual-predator adjudication was against the manifest weight of the evidence. We agree.

At a sexual-predator hearing, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually-oriented offense and that the offender is likely to engage in the future in one or more sexually-oriented offenses. See R.C. 2950.01(E) and 2950.09(B)(3).

In making a determination that an offender is a sexual predator, the trial court must consider "all relevant factors," including the factors specified in R.C. 2950.09(B)(2):

"(a) The offenders's age;

"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;

"(d) Whether the sexually oriented offense for which sentence is to imposed involved multiple victims;

"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

"(g) Any mental illness or mental disability of the offender;

"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;

"(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2).

■ "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *Cross v. Ledford* (1954), 161 Ohio St. 469, 477, 53 O.O. 361, 364–365, 120 N.E.2d 118, 123.

The Supreme Court of Ohio, in *State v. Eppinger* (2001), 91 Ohio St.3d 158, 743 N.E.2d 881, has adopted a model procedure for sexual-offender-classification hearings. The court declared that a sexual-offender classification hearing should advance three different objectives in the following ways:

"First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. If the conviction is old, as in this case, the state may need to introduce a portion of the actual trial record; if the case was recently tried, the same trial court may not need to actually review the record. In either case, a clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.

"Second, an expert may be required * * * to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself. While providing an expert at state expense is within the discretion of the trial court, the lack of other criteria to assist in predicting the future behavior of the offender weighs heavily in favor of granting such a request.

"Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. [Citations omitted.]" *Id.* at 166, 743 N.E.2d at 888–889.

At the sexual-predator hearing in this case, the prosecutor related to the court the facts of the underlying offense. He informed the court that Allen had entered the victim's apartment in the middle of the night, had raped her at knifepoint, and, in the process, had inflicted superficial lacerations upon her.

At the hearing, Allen testified that he had attended a sexual-offender class at one correctional facility, and that he had been "transferred before completing a victim-awareness class at [another correctional facility]." He acknowledged that he would have to participate in sexual-offender treatment programs if he were released on parole. He told the court that he did not feel as though he would commit further sexual offenses, and that he felt remorse for his actions. He explained that he had "no idea what [he] was thinking" during the offenses because he was intoxicated at the time. On cross-examination, Allen admitted that his crime was terrible, and that "in no way did [the victim] deserve it." He also admitted that he had used a knife, and that the victim had sustained superficial lacerations as a result.

In *Eppinger, supra*, the defendant had been convicted in 1988 of two counts of rape, as well as kidnapping and assault. In 1997, he was returned from the penitentiary for a sexual-predator hearing. At the hearing before the common pleas court, no testimony was presented. The prosecutor recited to the court the facts of the underlying case and information regarding Eppinger's prior convictions for aggravated robbery and felonious assault. The trial court found Eppinger to be a sexual predator based upon the "heinous form of rape" committed, his background, and his criminal history.

The Supreme Court held that the common pleas court had abused its discretion in adjudicating Eppinger a sexual predator on the basis of only one of the R.C. 2950.09(B)(2) factors, *viz.*, the nature of the sexual conduct. In so holding, the court quoted with approval the following conclusions made by the Court of Appeals for Cuyahoga County in support of its reversal of Eppinger's sexual-predator adjudication:

" '[Defendant's] prior convictions do not include sexually oriented offenses; the single victim in this case was an adult; the underlying sexual offense took place more than ten years ago; there is no evidence shown to indicate that [defendant] used drugs or alcohol to impair the victim; there was no demonstration of a pattern of abuse; and there was no evidence presented to show behavioral characteristics of [defendant] contributing to his conduct or to indicate a mental illness or disability.' " *Eppinger, supra*, at 165, 743 N.E.2d at 888.

The Supreme Court further observed that one conviction for a sexually-oriented offense, without more, may not predict whether an offender is likely to engage in one or more sexually-oriented offenses in the future. *Id.* at 162, 743 N.E.2d at 886.

At the sexual-predator hearing in this case, the court admitted into evidence copies of the indictment, the jury's verdict, and the sentencing order. The judge who presided over the sexual-predator hearing in this case was not the judge who had presided over Allen's trial in 1984. It is not clear from the transcript of the

hearing whether the court considered either the trial transcript or our decision rendered in Allen's direct appeal. Nor does the record show whether the court considered Allen's prior criminal record. The prosecutor simply told the court that Allen had been on probation in St. Petersburg, Florida, at the time of his conviction for the underlying offenses.

The court did not discuss on the record the evidence or the factors it relied upon in adjudicating Allen a sexual predator. The court simply stated, "I do find by clear and convincing evidence that Mr. Allen is a sexual predator." We cannot say that the evidence presented at the hearing weighed clearly in favor of a finding that Allen is likely to engage in one or more sexually-oriented offenses in the future.

Accordingly, we sustain Allen's fourth assignment of error, reverse the judgment of the trial court, and remand this cause for the trial court to conduct a new hearing in accordance with law and this decision. We remind the court that, on remand, the hearing should focus on whether Allen is likely to commit sexually-oriented offenses in the future. We further instruct the trial court to consider all parts of the record available to it, including the trial transcript and the decision rendered in the direct appeal.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., and PAINTER, J., concur.