OPINION.
The Ohio Supreme Court has remanded for reconsideration, in light of State v. Eppinger (2001), 91 Ohio St.3d 158, 743 N.E.2d 881, released on March 28, 2001, the decision and order of this court, also released on March 28, 2001, affirming the trial court's judgment adjudicating defendant-appellant Anthony Acklin a sexual predator.
On June 17, 1994, Acklin entered a guilty plea to felonious sexual penetration of his four-year-old daughter. The trial court imposed an indefinite prison term of three to fifteen years. Following a classification hearing, the same judge who sentenced Acklin adjudicated him a sexual predator.
To be classified a sexual predator, a defendant must have been convicted of or pleaded guilty to committing a sexually-oriented offense and must be "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The prosecution must prove by clear and convincing evidence that the defendant is a sexual predator. R.C.2950.09(B)(3). See State v. Cook (1998), 83 Ohio St.3d 404, 408,700 N.E.2d 570, 575.
The Ohio Supreme Court has observed that an offender who preys on children may fit the profile for pedophiles "known for their especially high rate of recidivism." State v. Eppinger, 91 Ohio St.3d at 162,743 N.E.2d at 885. But the court further observed the following:
 One sexually oriented offense is not a clear predictor of whether that person is likely to engage in the future in one or more sexually oriented offenses, particularly if the offender is not a pedophile. Thus, we recognize that one sexually oriented conviction, without more, may not predict future behavior.
 The Ohio Supreme Court has noted that the purpose of R.C. Chapter 2950 is not to punish the defendant, but "to protect the safety and general welfare of the people of this state. R.C. 2950.02(B)." Id. at 165, 743 N.E.2d at 888. To achieve the statutory objectives, it has provided the following model for a sexual-predator-classification hearing: (1) a clear and accurate record for review identifying the portions of the trial transcript, victim-impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that are relevant to the factors in R.C. 2950.09(B)(2) and probative of whether the defendant is likely to engage in the future in one or more sexually-oriented offenses; (2) a determination by the trial court of the need for an expert in determining whether the defendant is likely to engage in the future in one or more sexually-oriented offenses; and (3) a consideration of the factors listed in R.C. 2950.09(B)(2) and a discussion of the evidence and the factors upon which the court relies to determine the likelihood that the defendant will engage in the future in one or more sexually-oriented offenses. See, e.g., State v. Allen (2001), 142 Ohio App.3d 291, 755 N.E.2d 440.
At Acklin's abbreviated hearing, the prosecutor offered only the presentence report, which Acklin did not dispute. It stated that "between 12-26-93 and 2-26-94, at 5747 Pearton Court, Cincinnati, Ohio, the defendant inserted his finger into the vagina of [his] daughter (4 years of age)." Acklin made an unsworn statement that he was currently in the Monticello Sexual Offender Program, had received a GED, and was three courses short of a college-level associates degree. His counsel advised that Acklin was eligible for parole in 2001. The trial court concluded, "I think under the facts of the presentence I have no choice but to find the defendant to be a sexual predator."
The Eppinger model was not available to the trial court on the date of Acklin's sexual-predator-classification hearing. It is undisputed that Acklin has no prior sexual offenses and, therefore, that he is in that category of offenders who have only one sexually-oriented conviction. The transcript of the classification hearing is a sparse three pages, and neither the prosecutor nor Acklin requested the trial court to appoint an expert.
Although the trial court did not discuss the evidence and the factors listed in R.C. 2950.09(B)(2) upon which it had relied, the presentence report implicates R.C. 2950.09(B)(2)(c) (the victim was four years of age) and R.C. 2950.09(B)(2)(j) (Acklin's parental status constituted an additional behavioral characteristic that contributed to his conduct). Without the trial court making a determination that Acklin is a pedophile and therefore is likely to engage in the future in one or more sexually-oriented offenses, we are reluctant on review to do so, as theEppinger model requires the trial court to provide us with a clear and accurate record. Evidence of the two factors implicated in this case, standing alone, without expert testimony, may not support a finding that Acklin is a pedophile. See R.C. 2950.09(B)(3).
Therefore, we reverse the trial court's order adjudicating Acklin to be a sexual predator and remand this cause with instructions to review the transcript and presentence report and either to make those findings in compliance with the Eppinger model to determine whether Acklin is a sexual predator under R.C. 2950.01(E) or to conduct a new sexual-predator-classification hearing.
Judgment reversed and cause remanded.
Winkler and Shannon, JJ., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.