I wholeheartedly concur with the majority opinion's disposition of this appeal. However, I believe it is necessary to write separately to remark that the citation in the other concurring opinion to State v. Krueger (Dec. 19, 2000), Cuyahoga App. No. 76624, unreported, as controlling authority in the context of this case is both unnecessary and, in view of the opinions of the Ohio Supreme Court, inappropriate.
With regard to the lack of necessity for an allusion to Krueger, the trial court in the instant case made only a brief comment concerning scientific research. It is clear from the context of that comment in the proceeding that the trial court did not rely on any such research in making its decision. To imply otherwise, therefore, lacks support in the record. Moreover, appellant made no objection to this comment; hence, absent plain error, it cannot form the basis for any challenge to the trial court's determination. See, State v. Cook (1998), 83 Ohio St.3d 404
at 426. No plain error exists.
Notwithstanding the foregoing, citations to Krueger should in any case, not merely the instant one, be discouraged. In view of the controlling authority as set forth in both State v. Cook, supra and State v. Eppinger, supra, Krueger constitutes doubtful precedent upon which to rely.
A perusal of Krueger demonstrates a completely improper standard of appellate review was utilized in that case. The supreme court has emphasized that sexual predator proceedings are civil in nature and that the appropriate burden of proof upon the state is not that of beyond a reasonable doubt but that of clear and convincing evidence.
The distinction is important because the state's burden of proof in an underlying criminal proceeding is constitutionally mandated; an appellate court's function in such a proceeding is to evaluate the evidence presented for its sufficiency, a legal term of art that is a question of law. State v. Thompkins (1997), 78 Ohio St.3d 380 at 386. A sexual predator determination hearing, however, is akin to post-conviction proceedings such as sentencing or probation hearings and is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Cook, supra at 425 (emphasis added).
The court in Krueger improperly reviewed the evidence presented by the state for sufficiency as though it were considering the original criminal proceeding against the appellant. The Ohio Supreme Court, however, has stated the appellate court's function in evaluating sexual predator hearings is to determine whether the trial court's decision is supported by the weight of the evidence. Cook, supra at 426.
Whether the proceeding is criminal or civil, this is a standard of appellate review that is more deferential to the trier of fact. State v. Thompkins, supra at 387; C. E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279. Moreover, it is the one currently applied by nearly all of the other appellate districts in this state. See, e.g., State v. Allen (2001), 142 Ohio App.3d 291; State v. Gerhardt (Aug. 31, 2001), Clark App. No. 00CA0090, unreported; State v. Scott (Feb. 15, 2001), Logan App. No. 8-2000-26, unreported; State v. Askew (June 22, 2001), Scioto App. No. 00CA2749, unreported; State v. Kilgore (Sept. 12, 2001), Richland App. No. 01 CA 7, unreported; State v. Parsons (Aug. 17, 2001), Huron App. No. H-00-042, unreported; State v. Geiger (Sept. 13, 2001), Jefferson App. No. 00 JE 6, unreported; State v. Kampfer (Aug. 22, 2001), Lorain App. No. 00CA007745, unreported; State v. Minier (Sept. 28, 2001), Portage App. No. 2000-P-0025, unreported; State v. Holland (Sept. 10, 2001), Brown App. No. CA2000-11-031, unreported; but see, State v. Morrison (Sept. 20, 2001), Franklin App. No. 01AP-66, unreported.[1] Clearly, therefore, Krueger was improperly decided and, in view of both Cook and the more recent Eppinger, lacks any precedential value.[2]
Although entitled Sufficiency, that portion of the Eppinger opinion that describes a model hearing focuses on how the proceeding is conducted and on the types of evidence necessary to lend a proper foundation to the trial court's determination. The supreme court in Eppinger directed the trial court for purposes of appellate review to discuss on the record the factors and evidence it considered in making its decision as to the likelihood of recidivism. This lends support to the conclusion the supreme court contemplates an appellate court will review the evidence presented to the trial court only to determine if the trial court lost its way in resolving conflicts; the requirement would be meaningless if an appellate court's function were to conduct a de novo review of the record to determine the sufficiency of the evidence as a matter of law.
In consonance with the weight of the evidence standard of review, the statutory scheme, itself, provides the trial court with a great deal of discretion in evaluating the factors that may be relevant to the question of an offender's likelihood of recidivism. See, Cook, supra at 426. Such discretionary decisions are entitled to great deference; to overturn them requires, even under the most stringent standard, a finding by the entire appellate panel that there was a manifest miscarriage of justice. State v. Thompkins, supra at 387.[3]
In similar circumstances, as recently stated by the supreme court:
 A discretionary decision necessitates the exercise of personal judgement (sic), and * * * when making such judgments, the sentencing court is not required to divorce itself from all personal experiences and make [its] decision in a vacuum. State v. Cook (1992), 65 Ohio St.3d 516, 529, 605 N.E.2d 70, 84, citing Barclay v. Florida (1983), 463 U.S. 939, 103 S.Ct. 3418, 77 L.Ed.2d 1134. State v. Arnett (2001), 88 Ohio St.3d 208 at 215-216.
The instant case presents a situation in which the trial court's determination is clearly supported by the record. Citation to Krueger, a valueless anomaly, serves only to diminish the findings of the trial court and, by extension, this court's disposition of appellant's appeal.
For the foregoing reasons, I believe the majority opinion's disposition of this appeal should stand, without qualification, as written.
[1] In Morrison, the Tenth District stated that the tests for both sufficiency and manifest weight as set forth in State v. Thompkins, supra apply in an appeal from a sexual predator determination, thereafter subjecting the record to a de novo examination in a manner similar to what was done in Krueger. The Franklin Court of Appeals, however, failed to consider the applicability of Eppinger to either its review or the trial court's proceeding and, further, failed to explain its reasons for disregarding the supreme court's example in Cook, in which a sexual predator determination first was declared to be a proceeding that was civil in nature and then was examined pursuant to only a weight of the evidence standard. Hence, Morrison seems to employ as improper an appellate analysis as Krueger.
[2] Incidentally, despite Kreuger's criticism of them, the Ohio Supreme Court, itself, more recently has indicated scientific studies are worthy of consideration in sexual predator determinations. State v. Eppinger (2001), 91 Ohio St.3d 158 at 160-161.
[3] The state's failure to meet this standard, moreover, does not bar it from attempting to do so again in a subsequent proceeding. Thompkins, supra at 387.