OPINION
{¶ 1} Defendant-appellant, Mark Parker, appeals from a Mahoning County Common Pleas Court judgment sentencing him on counts of rape, kidnapping, and aggravated burglary and determining him to be a sexual predator.
 {¶ 2} Pursuant to a plea agreement, appellant pled guilty to one count each of kidnapping, aggravated burglary, and rape with a firearm specification, all first degree felonies. In exchange, plaintiff-appellee, the State of Ohio, dismissed three other counts of kidnapping and five firearm specifications. Appellee also agreed to recommend that the court sentence appellant to five years each for kidnapping and aggravated burglary, ten years for rape, and three years for the firearm specification to be served consecutively. The court scheduled appellant's sentencing hearing for July 16, 2003.
 {¶ 3} On the day of appellant's sentencing, his counsel withdrew because he had accepted a position with the prosecutor's office. Therefore, the court held part of appellant's sentencing hearing with his newly appointed counsel. The new counsel noted on the record that he thought, because the three crimes all involved the same victim, the court should have made a finding that each crime had a separate animus in order to sentence him on each of the counts. Given this statement by counsel and noting that counsel had just been appointed, the court continued the sentencing hearing to allow counsel to familiarize himself with the case.
 {¶ 4} The court continued with appellant's sentencing hearing a month later. It sentenced appellant in accordance with the plea agreement, for a total of 23 years in prison. The court then set the case for a sexual predator classification hearing. At that hearing, the court listened to testimony from Dr. John Fabian, a forensic psychologist who interviewed appellant and submitted his report. Dr. Fabian opined that appellant was at high risk for sexually re-offending. The court determined that appellant was a sexual predator and entered judgment accordingly.
 {¶ 5} Appellant filed a timely notice of appeal on October 8, 2003.
 {¶ 6} Appellant raises two assignments of error, the first of which states:
 {¶ 7} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES FOR RAPE, KIDNAPPING AND AGGRAVATED BURGLARY WITHOUT FIRST CONDUCTING A HEARING TO DETERMINE WHETHER THE OFFENSES WERE ALLIED OFFENSES OF SIMILAR IMPORT PURSUANT TO R.C. 2941.25, THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 {¶ 8} Appellant argues that the trial court should have merged his sentences because the offenses were allied offenses of similar import. Appellant points our attention to State v. Kent (1980),68 Ohio App.2d 151, 428 N.E.2d 453, which he contends stands for the proposition that when accepting a plea, the trial court must conduct a hearing to determine whether R.C. 2941.25 is applicable before entering a judgment of conviction. Because the trial court did not hold such a hearing in this case, appellant asserts that it committed plain error.
 {¶ 9} When appellant changed his plea, the prosecutor stated on the record that as part of the Crim. R. 11 agreement, the state agreed to recommend five years for aggravated burglary, five years for kidnapping, ten years for rape, and three years for the firearm specification, for a total of 23 years. (Change of Plea Tr. 2-3). Appellant's counsel agreed to these terms. (Change of Plea Tr. 3).
 {¶ 10} The court held a sentencing hearing on July 16, 2003. At that time, appellant's counsel informed the court that he had just accepted a position with the prosecutor's office, so he had to withdraw as appellant's counsel. The court then appointed appellant new counsel at the sentencing hearing. After hearing from the victim's family, appellant's newly appointed counsel addressed the court. He stated that he was not yet very familiar with the case. However, he stated that he wanted the record to reflect that the three counts to which appellant pled guilty all involved the same victim and that he thought that in order to sentence appellant on all three counts, the court would have to find that appellant had a separate animus for each crime, alluding that the crimes were allied offenses of similar import. (Sentencing Volume 1 Tr. 25-26). The court then decided to continue the sentencing hearing so that appellant's new counsel could be fully informed on his case.
 {¶ 11} The sentencing hearing resumed on August 14, 2003. This time appellant's counsel was prepared. (Sentencing Volume 2 Tr. 4). Counsel acknowledged the Crim. R. 11 agreement and stated, "I'm hopeful, confident that you'll adopt it." (Sentencing Volume 2 Tr. 5). The court accepted the Crim. R. 11 agreement and imposed appellant's sentence in accordance with the agreement.
 {¶ 12} A sentence imposed upon a defendant is not subject to review "if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D).
 {¶ 13} In this case, appellant, the prosecutor, and the trial court all agreed on his sentence. Accordingly, appellant has waived his first assignment of error. But even if appellant had not waived this issue, the result would be the same.
 {¶ 14} A defendant may not be punished for multiple offenses if his actions constitute allied offenses of similar import. State v. Rance
(1999), 85 Ohio St.3d 632, 636, 710 N.E.2d 699. However, if a defendant commits offenses of similar import separately or with a separate animus, he may be punished for both. Id., citing State v. Jones (1997),78 Ohio St.3d 12, 13-14, 676 N.E.2d 80, 81.
 {¶ 15} The applicable test to determine whether two offenses are allied offenses of similar import is as follows: If the elements of the offenses correspond so that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import; but if the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends. Id. at 636. When determining whether offenses are allied offenses of similar import, the elements of the offenses are to be compared in the statutory abstract. Id. at 637.
 {¶ 16} Aggravated burglary and kidnapping are not allied offenses of similar import. State v. Monroe, 105 Ohio St.3d 384, 827 N.E.2d 285,2005-Ohio-2282, at ¶ 69. Likewise, aggravated burglary and rape are not allied offenses of similar import. State v. Grider, 8th Dist. No. 80617, 2002-Ohio-3792, at ¶ 22; State v. Lamberson (Mar. 19, 2001), 12th Dist. No. CA2000-04-012. Thus, the inquiry regarding these offenses ends here.
 {¶ 17} Rape and kidnapping, however, can be allied offenses of similar import. Appellant was convicted of kidnapping in violation of R.C. 2905.01(A)(4), which provides:
 {¶ 18} "(A) No person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
 {¶ 19} "* * *
 {¶ 20} "(4) To engage in sexual activity, as defined in section 2907.01
of the Revised Code, with the victim against the victim's will."
 {¶ 21} He was also convicted of rape in violation of R.C. 2907.02(A)(2), which provides:
 {¶ 22} "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."
Comparing the crimes of kidnapping and rape for purposes of determining whether they have the same animus, the Ohio Supreme Court has restated its test as set out in State v. Logan (1979), 60 Ohio St.2d 126,397 N.E.2d 1345. In State v. Adams, 103 Ohio St.3d 508, 817 N.E.2d 29,2004-Ohio-5845, the Court stated:
 {¶ 23} "In [Logan], we established guidelines to determine whether kidnapping and rape are committed with a separate animus so as to permit separate punishment under R.C. 2941.25(B). We held in Logan that `[w]here the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions.' Conversely, the Logan court recognized that where the asportation or restraint `subjects the victim to a substantial increase in risk of harm separate and apart from * * * the underlying crime, there exists a separate animus.'" (Internal citations omitted.) Id. at ¶ 90.
 {¶ 24} The Court then applied Logan without any reference to the test set out in Rance, supra. It did not address whether the elements of rape and kidnapping, when compared in the abstract, corresponded to such a degree that the commission of one would result in the commission of the other. It went directly to addressing whether the crimes were committed with a separate animus. Thus, it seems the Court must have found that the elements of rape and kidnapping did correspond in the abstract or it would not have moved on to consider whether the crimes had a separate animus. Thus, we too will examine whether the crimes in this case each had a separate animus.
 {¶ 25} Because appellant pleaded guilty, the only facts of the crimes are contained in Dr. Fabian's sexual predator evaluation. We will examine these facts to determine whether a separate animus existed for rape and kidnapping.
 {¶ 26} April, the 15-year-old victim, was babysitting when the power to the home went off. Appellant had broken into the house and turned off the main electrical switch. He confronted April and the children in the TV room with a gun. He told April to perform oral sex on him and when she refused, he started to choke her. Next, appellant led April upstairs into a bedroom. He cocked the gun and laid it on the floor. He then removed April's clothing and laid her on the bed. Appellant told April that if she screamed, he would kill her and the children. Appellant then vaginally raped her. After he finished, appellant threatened April again and told her to stay in the bedroom. He told her that if she moved or called the police, he would kill the children. When the children's mother returned, one of the children told her April was attacked. She contacted the police. April remained in the bedroom until the police arrived.
 {¶ 27} Under the Logan test, a separate animus existed for each crime. Appellant restrained April's liberty when he choked her in the TV room and forced her from that room, upstairs to a bedroom against her will. He also restrained her liberty when he threatened to kill the children if she left the bedroom. He committed the rape when he forcefully engaged in intercourse with April against her will. This act was separate from the kidnapping. Even if moving April from the TV room to the upstairs bedroom could be viewed as being incidental to the rape, the restraint on her movement after the rape was completed was not. Thus, because the rape and the kidnapping each had a separate animus, the court did not err in failing to merge their sentences.
 {¶ 28} Appellant's second assignment of error states:
 {¶ 29} "THE TRIAL COURT'S SEXUAL PREDATOR ADJUDICATION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THE TRIAL COURT HAS FAILED TO SPECIFY BY CLEAR AND CONVINCING EVIDENCE THE PARTICULAR FACTORS IN EVIDENCE SUPPORTING THE CLASSIFICATION."
 {¶ 30} Appellant contends that the trial court failed to make the necessary findings to classify him as a sexual predator. He contends that the court was required to specify particular statutory factors that it relied upon in making its determination that he is a sexual predator. Citing State v. Grimes (2001), 143 Ohio App.3d 86, 757 N.E.2d 413;State v. Allen (2001), 142 Ohio App.3d 291, 755 N.E.2d 440. Appellant further argues that the evidence does not support the trial court's sexual predator determination.
 {¶ 31} A sexual predator is a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E)(1). Sexual predator classification proceedings are civil in nature and require the prosecution to prove by clear and convincing evidence that an offender is a sexual predator. State v. Hardie (2001),141 Ohio App.3d 1, 4, 749 N.E.2d 792; R.C. 2950.09(B)(4). An appellate court will not reverse a trial court's sexual predator determination if it is supported by competent, credible evidence. Id. This deferential standard of review applies even though the state must prove that the offender is a sexual predator by clear and convincing evidence. Id.
 {¶ 32} When determining whether an offender is a sexual predator, the court must consider, in addition to any other relevant factors:
 {¶ 33} "(a) The offender's * * * age;
 {¶ 34} "(b) The offender's * * * prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 35} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 36} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 37} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 38} "(f) If the offender * * * previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 39} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 40} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 41} "(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 42} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct." R.C. 2950.09(B)(3).
 {¶ 43} Appellant argues that the court erred because it did not make specific findings as to which factors applied to him.
 {¶ 44} R.C. 2950.09 itself does not require the court to state its reasons for determining that the offender is a sexual predator. However, in State v. Thompson (2001), 92 Ohio St.3d 584, 588, 752 N.E.2d 276, the Ohio Supreme Court stated that the trial court should consider these statutory factors and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. This court has interpreted this statement to mean that the trial court must discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of committing a future sexually oriented offense. State v. Groves, 7th Dist. No. 853, 2002-Ohio-5245, at ¶ 49.
 {¶ 45} In this case, however, the trial court merely stated, "[b]ased on the testimony the court has just heard of Dr. Fabian and reviewing his report, the evaluation, the court finds the defendant, his classification should be one as a sexual predator." (Sexual Offender Classification Tr. 46-47). The court did not discuss on the record any particular evidence or factors on which it relied. Furthermore, the court's judgment entry does not provide any reasons for the classification. Therefore, appellant's second assignment of error has merit.
 {¶ 46} For the reasons stated above, the trial court's judgment classifying appellant as a sexual predator is hereby reversed and this cause is remanded for further proceedings according to law and consistent with this opinion.
Waite, J., concurs DeGenaro, J., concurs.