OPINION *Page 2 
{¶ 1} This appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Jason Brown, appeals the decision of the Columbiana County Court of Common Pleas, that sentenced him to maximum sentences for two third degree felonies and ordered those terms be served concurrently. Brown argues his sentence is unconstitutional and that his counsel was ineffective for failing to preserve the error in the trial court, but R.C. 2953.08(D) prohibits Brown from making those arguments on appeal.
 {¶ 2} In this case, Brown was indicted for one count of rape, which contained a mandatory life sentence, and one count of sexual battery. Brown eventually pled guilty to one count of gross sexual imposition and one count of sexual battery, each of which were third degree felonies. In addition, the parties jointly recommended that the trial court sentence Brown to maximum five-year sentences for each of the counts and order that those two sentences be served concurrently. The trial court accepted the plea and sentenced Brown in accordance with the recommendation. Brown did not timely appeal this sentence, but we granted his motion for a delayed appeal. The only issues Brown has raised on appeal are in regard to his sentence.
 {¶ 3} Pursuant to R.C. 2953.08(D), a defendant cannot appeal a sentence which "is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." A sentence is authorized by law if it is within the statutory range of available sentences. State v. Gray, 7th Dist. No. 02 BA 26, 2003-Ohio-805, at ¶ 10.
 {¶ 4} The Ohio Supreme Court's recent decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-0856, does not change this rule of law. In Foster, the Ohio Supreme Court held that portions of Ohio's felony sentencing scheme were unconstitutional and severed those unconstitutional portions from the felony sentencing statutes. In doing so, the Ohio Supreme Court left the range of sentences authorized by law unchanged. Thus, any sentence imposed upon an offender within the statutory range remains a sentence authorized by law. See State v.Caporini, 7th Dist. No. 05 JE 32, 2006-Ohio-3095.
 {¶ 5} In this case, the sentence the trial court imposed upon fell within the *Page 3 
statutory range and, therefore, was authorized by law. Since Brown's sentence was jointly recommended, authorized by law, and imposed by the sentencing judge, he cannot appeal that sentence. Accordingly, the judgment of the trial court is affirmed.
 Donofrio, J., Waite, J., concurs. *Page 1