OPINION
{¶ 1} Appellant Timothy Esposito filed an appeal of his conviction and sentence in the Mahoning County Court of Common Pleas on one count of burglary and one count of attempted theft. Appellant pleaded guilty to the charges and received a five-year prison term. Appellant's counsel has found no viable grounds for this appeal and has filed a motion to withdraw as counsel, pursuant to Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and State v. Toney (1970),23 Ohio App.2d 203, 262 N.Ed.2d 419. Appellant was granted 30 days to file any pro se assignments of error. Counsel's motion to withdraw is sustained and the judgment of the trial court is affirmed.
 {¶ 2} Appellant, who has a long criminal record, broke into the home of Richard Woodburn on March 21, 2006. He ransacked the house. He gathered a number of firearms from the home and placed them by the front door. Before he was able to leave the house, Mr. Woodburn and a friend returned. Mr. Woodburn is trained as a military policeman, and was able to subdue Appellant.
 {¶ 3} An indictment was issued on April 20, 2006, containing two counts, one for burglary, R.C. 2911.12(A)(2), a second degree felony, and one for attempted theft, R.C. 2923.02(A), a fourth degree felony. Appellant faced a possible sentence of nine and one-half years in prison.
 {¶ 4} Appellant entered a written Crim.R. 11 guilty plea on May 25, 2006. After a hearing in which the court advised Appellant of the many rights he was waiving by entering the guilty plea, the court accepted the plea. At the hearing, the prosecutor recommended a four-year prison term for the burglary count and a one *Page 3 
year prison term for the attempted theft count. The sentencing hearing was held on July 27, 2006, and the judgment entry was filed the same day. The court sentenced Appellant to the sentence recommended by the prosecutor, and the two prison terms were imposed consecutively, for a total term of five years in prison. This timely appeal followed on August 3, 2006, and appellate counsel was appointed.
 {¶ 5} The record on appeal was received on September 21, 2006, which includes the transcripts of the plea hearing and sentencing hearing. After a number of extensions, Appellant's counsel filed a no merit brief and a motion to withdraw on January 31, 2007. On February 15, 2007, we issued a Journal Entry granting Appellant 30 days to file any pro se claims of error. Appellant filed a pro se supplement to the appeal on April 5, 2007.
 {¶ 6} "It is well settled that an attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon a showing that the appellant's claims have no merit." State v. Short (Nov. 24, 1997), 7th Dist. No. 96-CO-49, citing Anders and Toney, supra. To support such a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support the appeal.Toney, supra, at 207, 262 N.E.2d 419, citing Anders. The reviewing court must then decide, after a full examination of the proceedings, whether the appeal is wholly frivolous. Id.
 {¶ 7} In Toney, this Court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous: *Page 4 
 {¶ 8} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 9} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 10} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 11} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.
 {¶ 12} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Toney, supra, at syllabus.
 {¶ 13} Appellant raises one possible error on appeal, that of ineffective assistance of trial counsel. Appellant argues that his counsel failed to present mitigating evidence at the sentencing hearing and that counsel somehow deprived him of the right of allocution at sentencing. Both of these arguments are frivolous. *Page 5 
 {¶ 14} The law governing ineffective assistance of counsel was succinctly summarized in State v. Brooks (1986), 25 Ohio St.3d 144,25 OBR 190, 495 N.E.2d 407:
 {¶ 15} "In Strickland v. Washington (1984), 466 U.S. 668, [104 S.Ct. 2052, 80 L.Ed.2d 674,] the court determined the standard to be used in reviewing claims of ineffectiveness. `The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' Id. at 686 [104 S.Ct. at 2064, 80 L.Ed.2d 674]. The court proceeded to devise a two-part test for reviewing claims of ineffectiveness: `A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.' Id. at 687 [104 S.Ct. at 2064, 80 L.Ed.2d 674]. This court in State v.Lytle (1976), 48 Ohio St.2d 391, [2 O.O.3d 495, 358 N.E.2d 623,] devised a substantially similar test: `When considering an allegation of ineffective assistance of *Page 6 
counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next * * * there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.' Id. at 396-397 [2 O.O.3d 495,358 N.E.2d 623]." Id. at 147-148, 25 OBR 190, 495 N.E.2d 407.
 {¶ 16} It is clear from the record that Appellant's trial counsel did attempt to mitigate the severity of the sentence by alerting the court to Appellant's drug abuse problem. (7/27/06 Tr., p. 5.) Appellant himself then asserted the right of allocution and proceeded to tell the trial judge at great length about his drug problems and his attempts to overcome his criminal past. (7/27/06 Tr., pp. 5-8.) Appellant also expressed remorse over what he had done in order to mitigate his sentence. The error that Appellant asserts is simply not reflected in the record.
 {¶ 17} Furthermore, we have held many times that an agreed sentence is not appealable pursuant to R.C. 2953.08(D), which states: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." See State v. Brown, 7th Dist. No. 05 CO 68,2007-Ohio-732; State v. Parker, 7th Dist. No. 03-MA-190, 2005-Ohio-4888;State v. Yeager, 7th Dist. No. 03CA786, 2004-Ohio-4406. The trial court in this case sentenced Appellant to the precise sentence recommended by the parties, and therefore, the sentence is not subject to review. *Page 7 
 {¶ 18} Appellant also mentions the case of Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, which dealt with the problem of felony sentences being imposed based on facts that were not decided by a jury, in violation of the Sixth Amendment right to trial by jury. It is not clear how this case touches upon Appellant's argument on appeal. In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court determined that Ohio's felony sentencing scheme was unconstitutional pursuant to Blakely. The Foster case nullified a number of specific sentencing statutes and held that trial courts have full discretion to impose a sentence within the statutory range for each charged crime based on the degree of the crime. The Foster opinion was released on February 27, 2006, and Appellant was sentenced on July 27, 2006, five months after Foster. The trial court did not refer to any of the statutes that were rendered unconstitutional in Foster, and imposed a sentence within the statutory range for the charged crimes. Thus, neither Blakely nor Foster seem to have any relevance to this appeal. Even if the trial court had violated the holding in Foster, we have held that such an error is not reviewable if it is an agreed sentence pursuant to R.C. 2953.08(D), and if the sentence falls within the statutory range for the crimes. Brown, supra, at ¶ 4. Once again, Appellant agreed to the sentence that was imposed, and it is within the range for second and fourth degree felonies, so the sentence cannot be reviewed for a Blakely or Foster error. *Page 8 
 {¶ 19} The pro se issues raised on appeal appear to be wholly frivolous. Since there are no other apparent errors in the trial court's proceedings, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 DeGenaro, P.J., concurs. *Page 1