[Cite as *State v. Chionchio*, 2013-Ohio-4296.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-P-0057** |
| ALFONSO W. CHIONCHIO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2012 CR 0004.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and Kristina Drnjevich, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Neil P. Agarwal*, 3766 Fishcreek Road, Suite 289, Stow, OH 44224-4379 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Alfonso W. Chionchio, appeals his conviction from the Portage County Court of Common Pleas on one count of felonious assault pursuant to R.C. 2903.11(A)(1), a felony of the second degree. Appellant raises issues pertaining to his plea and sentence.

{¶2} The record is limited as to the facts surrounding appellant's felonious assault conviction. The three victims were walking on a sidewalk when they

encountered appellant and two other individuals. An altercation ensued and one of the victims sustained a broken jaw. At the time of the underlying offense, appellant was on post-release control from an earlier case involving having weapons under disability.

{¶3} In January 2012, appellant was indicted by the Portage County Grand Jury on two counts of felonious assault, R.C. 2903.11(A)(1), felonies of the second degree, and one count of assault, R.C. 2903.13, a misdemeanor of the first degree. The matter was set for a suppression hearing and a jury trial. However, just prior to the suppression hearing, appellant entered into a plea agreement with the state and pled guilty to one count of felonious assault, R.C. 2903.11(A)(1), a felony in the second degree. The remaining counts were dismissed. The trial court imposed an agreed sentence of five years incarceration with credit for time served. Appellant raises the following six assignments of error for our review:

{¶4} "[1.] The Trial Court committed reversible and plain error when it accepted Chionchio's guilty plea when it failed to substantially comply with Crim.R. 11(C)(2) in violation of Chionchio's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and under Art. I, §16 of the Ohio Constitution.

{¶5} "[2.] The Trial Court committed reversible and plain error in failing to provide Chionchio with his right to allocution prior to the imposition of his prison sentence in violation of R.C. 2929.19(A) and Crim.R. 32(A).

{¶6} "[3.] The Trial Court committed reversible and plain error in imposing court costs against Chionchio without complying with R.C. 2947.23(A).

{¶7} "[4.] The Trial Court committed reversible and plain error by ordering Chionchio to pay an 'assessment and recoupment fee.'

{¶8} "[5.] The Trial Court committed reversible error in assessing fines, assessment and recoupment fee, and court costs without any regard to Chionchio's ability to pay said fines and costs.

{¶9} "[6.] The cumulative effect of the Trial Court's errors denied Chionchio a fair trial."

{¶10} Appellant failed to object during the plea and sentencing hearing regarding any of the matters he raises on appeal.  Thus, this court's determination will be limited to a plain error analysis.  Generally, the failure to raise an issue or argument at the trial court level that is apparent at the time constitutes a waiver of such issue.  *State v Awan*, 22 Ohio St.3d. 120, syllabus (1986).  Plain error exists only where, but for the error, the outcome would have been different.  *State v. Bennett,* 11th Dist. Ashtabula No. 2002-A-0020, 2005-Ohio-1567, ¶56.  "In the context of a criminal case, a court of review should invoke the plain error doctrine with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice.  *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d. 804, paragraph three of the syllabus."  *State v. Oliver*, 11th Dist. Portage No. 2010-P-0017, 2012-Ohio-122, ¶36.

{¶11} Plain error requires appellant to establish: (1) there was an error, i.e., a deviation from a legal rule; (2) the error was plain, i.e. there was an "obvious" defect in the trial proceedings; and (3) the error affected substantial rights, i.e. affected the outcome.  *Bennett*, at ¶56.

{¶12} Turning to appellant's first assignment, he argues that his guilty plea was not knowingly, intelligently, and voluntarily made because the trial court failed to either substantially or partially notify him, both on the record and in its journal entry, that he

3

would be subject to a period of post-release control upon the conclusion of his prison term pursuant to R.C. 2929.19(B)(2)(c), and that should he violate the terms of post-release control, an additional prison term may be imposed. Appellant further argues that since he was on post-release control at the time of this offense, this court should likewise find that the trial court committed prejudicial error when it failed to notify him of the mandatory obligations under R.C. 2929.141(A)(1) (New felony committed by person on post-release control).

{¶13} "'In considering whether a guilty plea was entered knowingly, intelligently and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards.'" (Citations omitted) *State v. Siler*, 11th Dist. Ashtabula No. 2010-A-0025, 2011-Ohio-2326, ¶12.

{¶14} "'The exchange of certainty for some of the most fundamental protections in the criminal justice system will not be permitted unless the defendant is fully informed of the consequences of his or her plea. Thus, unless a plea is knowingly, intelligently, and voluntarily made, it is invalid.'" *Id.* at ¶13, citing *State v. Clark*, 119 Ohio St.3d 234, 2008-Ohio-3748, ¶25. "'To ensure that pleas conform to these high standards, the trial judge must engage the defendant in a colloquy before accepting his or her plea.'" *Id.* at ¶14, quoting *State v. Ballard*, 66 Ohio St.2d 473, paragraph one of the syllabus (1981).

{¶15} Crim.R. 11(C)(2) governs pleas and states in pertinent part:

{¶16} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶17} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

{¶18} Pursuant to *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, when the trial court fails to advise a defendant that the sentence will include a mandatory term of post release control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea and the reviewing court must vacate the plea. *Id.* at ¶25.

{¶19} In the instant case, the court advised appellant as follows at the plea hearing:

{¶20} "THE COURT: Sir, do you understand if you are imprisoned, that after your release, you will be subject to Post Release Control pursuant to Ohio Revised Code 2967.28?

{¶21} "DEFENDANT:  Yes, ma'am.

{¶22} "DEFENDANT: Sir, do you understand that if you violate the terms of your prison sentence, I could impose an additional prison term not [to] exceed fifty percent of your original prison term?

{¶23} "DEFENDANT: Yes, ma'am.

{¶24} "THE COURT: Do you understand [in] this particular case, Post Release Control period is a mandatory period of three years and your potential penalty could be up to two and a half years with the agreed sentence, do you understand that?

{¶25} "DEFENDANT: Yes.

**{¶26}** "THE COURT: Sir, do you understand at some point you may be placed on community control sanctions and you will have conditions to follow, if you violate those conditions, you could be given a longer period of Court control, greater restrictions or a prison term of eight years as a sanction, do you understand that?

**{¶27}** "DEFENDANT: Yes.

**{¶28}** Based on the foregoing colloquy, the trial court thoroughly notified appellant of the mandatory nature and duration of post-release control. Furthermore, the written plea agreement, signed by appellant, shows a check-mark in the box which states that "I understand that if I am imprisoned, after my release from prison I **WILL** be supervised under post-release control (R.C. 2967.28) for a mandatory period of 3 years as part of my sentence." Accordingly, appellant has failed to demonstrate that his plea was not knowingly, intelligently, or voluntarily made with regard to the required post-release control notification, or that he was in any way prejudiced by the court's notification.

**{¶29}** With respect to appellant's second issue, he contends that R.C. 2929.141(A) mandates that the trial court inform him during the plea hearing of the possibility that it could impose a prison term for the new felony offense as well as a consecutive prison term for the post-release control violation, and that the maximum prison term for the violation would be the greater of twelve months or whatever time remained on his post-release control. R.C. 2929.141 reads as follows:

**{¶30}** "(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court *may* do either of the following regardless

6

of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

{¶31} "(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony." (Emphasis added.)

{¶32} Appellant acknowledges that the appellate courts in Ohio that have addressed this question have all held that trial courts are not required to inform a defendant at the plea hearing of the possibility that it could impose a prison term for committing a new felony while on post-release control. He merely contends in his brief that he "respectfully disagrees with the holdings of those courts" and asks this court to adopt a different view of the law. *See State v. Lamb*, 156 Ohio App.3d 128, 2004-Ohio-474 (6th Dist.) (imposition of a prison term for commission of a new felony during a mandatory post-release control period is a matter within the court's discretion and a trial court is not required to inform a defendant of this possibility at the time of a guilty plea in order to comply with Crim.R. 11(C)(2)); *State v. Lane*, 3d Dist. Allen No. 1-10-10, 2010-Ohio-4819, ¶15 (a trial court is not required to inform a defendant of the possibility at the

time of a guilty plea that it could impose an additional prison term for committing a new felony while on post-release control in order to substantially comply with Crim.R. 11(C)(2)(a)); *State v. Susany*, 7th Dist. Mahoning No. 07 MA 7, 2008-Ohio-1543, ¶95 (finding no error in the trial court's failure, at the defendant's original sentencing hearing, to inform him of the potential sentence for committing a new felony while on post-release control; failing to so advise a defendant will still result in substantial compliance with Crim.R. 11(C)(2)(a)); *State v. Mullins*, 12th Dist. Butler No. CA2007-01-028, 2008-Ohio-1995, ¶12-13; *see also State v. Witherspoon*, 8th Dist. Cuyahoga No. 90498, 2008-Ohio-4092, ¶17-19, fn.11.

{¶33} Appellant has not cited any authority or otherwise persuaded this court that there is a reason to adopt a different holding from the courts cited above. *See* App. R. 16(A)(7). Furthermore, the language of R.C. 2929.141(A) is discretionary in that it uses the terms "may" when referring to the trial court's authority to proceed with the options set forth in section (1) of that provision of that statute.

{¶34} Appellant also maintains that he was prejudiced by the trial court's failure to inform him how much time he would receive from the parole board for violating his post release control from his earlier conviction for having a weapon under disability. Specifically, he argues that the trial court's failure to inform him how much time the parole board would give him for his post release control violation renders his plea not knowingly, intelligently or voluntarily made. He supports his argument with the following exchange that took place during the plea hearing between the court, appellant, and his counsel:

{¶35} "DEFENDANT: I'm on parole also.

8

**{¶36}** "MR. REEVES (DEFENDANT'S COUNSEL): Your Honor, he does have a question. There is PRC from an earlier case. I don't know how much you have for violating parole. That's not up to us or the Court, that's up to the Parole Board, the Department of Corrections. I told him I could not get that answer. He didn't know if either you or the Prosecutor's office would shed any light on him. I don't know the answer.

**{¶37}** "DEFENDANT: I've been on parole for a year already. I had two years hanging over my head. It's half of the original sentence. You gave me four, so I had two years over my head. And I've been on parole for a year right now. So what can they give me?

**{¶38}** "THE COURT: They can, if it's a mandatory period – if it's optional, it's up to them.

**{¶39}** "MR. REEVES: I stated to him it would be up to the Parole Board to decide.

**{¶40}** "THE COURT: What was the charge? I don't remember.

**{¶41}** "MR. REEVES: Weapons under Disability. I told him being that it's a lengthy prison sentence, I don't know if they would merge that or add another year.

**{¶42}** "THE COURT: I don't know the answer to that.

**{¶43}** "DEFENDANT: I'd like to know that. I'd like to know my circumstances, you know what I'm saying?

**{¶44}** Appellant has failed to persuade us that any prejudice exists. The trial court is not responsible for informing appellant of what actions the parole board may take regarding his post release control violation in order for the current plea to be valid.

Any action the parole board takes in respect to his previous conviction is separate from the punishment that could be imposed for this crime. Moreover, appellant was clearly aware that he was at risk that the parole board could take action against him for his post release control violation when he pled. As a practical matter, because the parole board does not usually determine the amount of time that will be imposed for a post release control violation prior to entering a plea on the new charge, appellant's argument would essentially nullify all pleas entered when a violation of post release control is also at issue.

**{¶45}** Accordingly, based on the foregoing, appellant's first assignment of error is not well-taken and does not have merit.

**{¶46}** With respect to appellant's second assignment of error, appellant alleges that the trial court's failure to provide him with his right to allocution warrants a remand to the trial court for resentencing. Crim.R. 32(A)(1) requires the trial court to "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he wishes to make a statement in his own behalf or present any information in mitigation of punishment." This court has held that "'the failure to grant allocution is not harmless error when a defendant is denied the opportunity to address evidence introduced and considered by the trial court at sentencing.'" *State v. Brown*, 166 Ohio App.3d 252, 2006-Ohio-1796, ¶11 (11th Dist), quoting *State v. Castle*, 4th Dist. Lawrence No. 03CA24, 2004-Ohio-1992, ¶9.

**{¶47}** The record of the sentencing hearing reveals that the trial court did not inform appellant of his right to allocution pursuant to Crim.R. 32(A)(1) and R.C. 2929.19(A). However, we first note that an agreed sentence is not appealable pursuant

to R.C. 2953.08(D) (stating that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."); *see also State v. Esposito*, 7th Dist. Mahoning No. 06-MA-116, 2007-Ohio-7220, ¶17. Alternatively, even if we could review the issue, the failure to afford the right of allocution when an agreed sentence is imposed is harmless error. *See State v. Nieves*, 8th Dist. Cuyahoga No. 92797, 2010-Ohio-514, ¶13. If the defendant has agreed to the sentence to be imposed, a request for mercy from the judge has no impact on the sentence that will be imposed on the defendant. Appellant's second assignment of error is without merit.

**{¶48}** In his third assignment of error, appellant contends that the trial court committed reversible error when it assessed costs of the proceedings without complying with R.C. 2947.23(A) (Judgment for costs and jury fees). R.C. 2947.23(A)(1) states as follows:

**{¶49}** "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:

**{¶50}** "(a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more

11

than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

{¶51} "(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount."

{¶52} Appellant contends that the trial court did not state that he could be ordered to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court was satisfied that he was in compliance with the approved payment schedule. Furthermore, he argues that the court failed to state appellant would work until the judgment was paid off or until the court was satisfied that he was in compliance with the approved payment schedule. Finally, appellant contends that the court did not inform him he would receive credit upon the judgment at the specified hourly credit rate. We disagree.

{¶53} This court has recently addressed this issue in the case of *State v. Fetty*, 11th Dist. Portage No. 2011-P-0091, 2012-Ohio-6127, ¶71:

{¶54} "The Supreme Court of Ohio, in a recent decision, *State v. Smith*, 131 Ohio St.3d 297, * * * held that a sentencing court's failure to inform an offender, as required by R.C. 2947.23(A)(1), that community service could be imposed if the offender fails to pay the costs presents an issue ripe for review * * *. Interpreting R.C. 2947.23(A)(1), the court stated that the General Assembly's language ("'at the time the judge * * * imposes sentence, the judge * * * shall notify'") 'clearly registers an intent that this notice is mandatory and that a court is to provide this notice at sentencing.'"

12

**{¶55}** Notably, the Supreme Court in *Smith* did not strictly interpret the General Assembly's requirements regarding notification at sentencing of all the terms of the language set forth in R.C. 2947.23(A)(1). Instead the holding of *Smith* was limited to the determination that:

**{¶56}** "A sentencing court's failure to inform an offender, as required by R.C. 2947.23(A)(1), that community service could be imposed if the offender fails to pay the costs of prosecution or court costs presents an issue ripe for review even though the record does not show that the offender has failed to pay such costs or that the trial court has ordered the offender to perform community service as a result of failure to pay." *Smith,* at syllabus.

**{¶57}** The trial court stated as follows during appellant's sentencing:

**{¶58}** "[Appellant] will be assessed a fine of $300 and Court costs as well as any assessment and recoupment fee. I will allow him six years to pay. If he is unable to pay, he may do community work service at $8.00 per hour to work off the fines and court costs."

**{¶59}** In its judgment entry, the trial court also stated:

**{¶60}** "It is further ordered that [appellant] is assessed a $300 fine, the costs of these proceedings and the indigent assessment and recoupment fee. If you fail to pay the judgment for fines or court costs or fail to follow your payment schedule the court may order you to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that you are in compliance with the approved payment schedule."

13

{¶61} As stated above, the trial court's statements in open court during sentencing and in its judgment entry contradict appellant's claims. In accordance with *Fetty*, *supra*, which interpreted the Supreme Court's pronouncement in *Smith*, appellant was informed at sentencing that community service would be imposed if he failed to pay the costs. Furthermore, he was informed both at sentencing and in the court's judgment entry that if he failed to pay the fine and costs, he could be ordered to perform community service until the judgment is paid off at a rate of $8 per hour. Thus, appellant was informed that he would receive credit against the judgment at a specified hourly credit rate. Moreover, the trial court's judgment entry specifically states that appellant's community service, if he were ordered to perform such, would not exceed 40 hours per month, and would continue until the judgment is paid off and/or the court was satisfied that he was in compliance with the payment schedule.

{¶62} While appellant takes issue with the trial judge specifying an hourly credit rate of $8 per hour, we note that R.C. 2947.23(A)(1)(b) does not specify the precise hourly credit rate, nor does case law define what an hourly credit rate should be.

{¶63} Accordingly, based on the foregoing, we fail to find any basis for appellant's assertions. Appellant's third assignment of error is wholly without merit and not well-taken.

{¶64} Appellant's fourth and fifth assignments of error are substantially similar. Thus, we will consider them together. Under appellant's fourth assignment of error, he asserts that the trial court committed plain error by ordering him to pay an "assessment and recoupment" fee. Specifically, he argues that there is no specific statutory authority permitting the trial court to order him to pay those fees. In his fifth assignment of error,

14

appellant argues that in assessing fines, a recoupment fee, and court costs, the court committed reversible error by not considering his ability to pay those fines and costs.

{¶65} We acknowledge that during sentencing and in its judgment entry the trial court ordered the imposition of "the indigent assessment and recoupment fee." Again noting that we are employing a plain error analysis, with respect to those fees, they are not defined either in the record or by the parties in their merit briefs. Furthermore appellant has failed to demonstrate through record evidence that any such assessment or recoupment fees were actually assessed against him. Nor has he cited to any legal authorities supporting his position that such imposition is prohibited. App.R. 16(A)(7). Thus, he has failed to show how he was prejudiced by the court's order that he pay those fees.

{¶66} With respect to the fine and costs, the record shows that the trial court ordered appellant to pay a $300 fine and the costs of the proceedings. Regarding the $300 fine, this court has recently stated in *State v. Taylor*, 11th Dist. Portage No. 2011-P-0090, 2012-Ohio-3890 that:

{¶67} "R.C. 2929.18 permits a trial court to impose financial sanctions as part of a criminal sentence. Pursuant to R.C. 2929.19(B)(5), prior to imposing a financial sanction, a trial court is required to 'consider the offender's present and future ability to pay the amount of the sanction or fine.' A trial court need not explicitly state that it considered the offender's ability to pay; such consideration, however, may be inferred from the record under proper circumstances. *State v. McNaughton*, 11th Dist. No. 2011-L-083, 2012-Ohio-1271, ¶30." *Taylor* at ¶47. We further stated in *Taylor* that it

15

was sufficient that the trial court considered the defendant's presentence investigation report and his educational status in determining ability to pay. *Id.* at ¶49.

**{¶68}** Similarly, here, the trial court stated in its judgment entry that it "considered the evidence presented by counsel, oral statements, any victim impact statement, the *Pre-Sentence Report and the defendant's statement.*" (Emphasis added.). As previously noted, the trial court also stated on the record during sentencing that "I will allow [appellant] six years to pay" with respect to the fine, court costs, and any assessment and recoupment fee. Based on the foregoing statements by the trial court, it can be inferred that it gave consideration to appellant's circumstances in determining the level of fine imposed. *See Taylor* at ¶49.

**{¶69}** Moreover, the $300 fine was relatively minimal, and the trial court gave appellant a reasonable amount of time to work it off through "sweat equity" if necessary. There is no evidence in the record to indicate that appellant is not an able-bodied person capable of physical labor.

**{¶70}** In *Taylor*, we also clarified that "court costs are not financial sanctions" and that a court does not need to consider a defendant's ability to pay when imposing costs. *Id.* at ¶48. "Indeed, pursuant to R.C. 2937.23, the imposition of costs is mandatory * * *" absent waiver under certain circumstances. *Id.* Accordingly, appellant's objection to the imposition of costs here is not a relevant argument and is contrary to law.

**{¶71}** In appellant's sixth assignment of error, appellant argues that the trial court committed multiple errors which, cumulatively, deprived him of his constitutional

16

right to a fair trial even though each individual error did not constitute cause for reversal. Again, we disagree with appellant's argument.

{¶72} Appellant correctly states the rule of law set forth in *State v. DeMarco*, 31 Ohio St.3d 191, 196-197 (1987) that pursuant to the doctrine of cumulative error, a conviction will be reversed where the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of the numerous instances of trial court error does not individually constitute cause for reversal. In order to consider whether cumulative error is present, this court has to first find that multiple errors were committed. *State v. Moore*, 11th Dist. Ashtabula No. 2009-A-0024, 2010-Ohio-2407, ¶65.

{¶73} However, none of appellant's remaining assignments of error have merit. Therefore, we cannot agree that he was denied his constitutional right to a fair hearing under the cumulative error doctrine. Accordingly, appellant's sixth assignment of error is not well-taken and does not have merit.

{¶74} For the reasons stated in this opinion of this court, it is the judgment and order of this court that the judgment of the trial court is affirmed.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

17