[Cite as *State v. Schillinger*, 2018-Ohio-3966.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | **:** | **O P I N I O N** |
| Plaintiff-Appellee, | **:** | |
| - vs - | **:** | **CASE NO. 2018-P-0014** |
| ERIC R. SCHILLINGER, | **:** | |
| Defendant-Appellant. | **:** | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2017 CR 0934.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Neil P. Agarwal,* 3732 Fishcreek Road, #288, Stow, OH 44224 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Eric R. Schillinger, appeals from the judgment of the Portage County Court of Common Pleas sentencing him to five years imprisonment after accepting his plea of guilty on charges of felonious assault and failure to comply with order or signal of police officer. We affirm.

{¶2} On October 26, 2017, appellant was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(2)(D)(1)(a), a felony of the first degree; failure to comply with order or signal of police officer, in violation of R.C. 2921.331, a felony of the

third degree; aggravated possession of drugs, in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree; and one count of possessing drug abuse instruments, in violation of R.C. 2925.12(A)(1), a misdemeanor of the second degree. At his arraignment, he entered pleas of "not guilty" to each count.

{¶3} Appellant ultimately changed his plea and agreed to plead guilty to an amended Count One, reducing the felonious assault charge to a felony in the second degree; and guilty to the "failure to comply" count. A plea hearing was held, and after conducting a Crim.R. 11 plea colloquy with appellant, the trial court accepted appellant's guilty plea.

{¶4} The trial court accepted a jointly-recommended sentence and ordered appellant to serve consecutive prison terms of two years on Count One and thirty-six months on Count Two for an aggregate prison term of five years. The court additionally imposed a $300 fine, court costs, an assessment and recoupment fee that provided appellant a period of ten years to pay his fine, and notified him that post-release control was mandatory for three years.

{¶5} Appellant now appeals alleging five assignments of error. Appellant's first assignment of error provides:

{¶6} "The trial court committed reversible and plain error in accepting the defendant's guilty plea without strictly complying with the requirements of Crim.R. 11(C)(2)(C). (1/12/18, T.p. 11, T.d. 25)."

{¶7} Under his first assignment of error, appellant contends the trial court erred when it accepted his guilty plea without inquiring into his individual ability to understand the consequences of entering into the guilty plea during the Crim.R. 11 colloquy. We do not agree.

2

{¶8} "[T]he basis of Crim.R. 11 is to assure that the defendant is informed, and thus enable the judge to determine that the defendant understands that his plea waives his constitutional right to a trial. And, within that general purpose is contained the further provision which would inform the defendant of other rights and incidents of a trial." *State v. Ballard*, 66 Ohio St.2d 473, 480 (1981).

{¶9} Pursuant to Crim.R. 11(C)(2), a plea of guilty is entered knowingly and voluntarily if the record demonstrates that the trial court advised the defendant (1) of the nature of the charge and its maximum penalty, (2) of the effect of entering the plea, and (3) that he will be waiving certain constitutional rights, viz., the right to jury trial, the right to confront witnesses against him, the right to compulsory process of witnesses, and the right to require the state to prove his guilt beyond a reasonable doubt at a trial where he cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c); see, also, *State v. Madeline*, 11th Dist. Trumbull No. 2000-T-0156, 2002 WL 445036, *4 (Mar. 22, 2002). A trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights and the failure to do so invalidates the plea. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, syllabus. "Strict compliance" does not require a verbatim recitation of the rights being waived. *Ballard*, *supra*, at 480. Rather, the standard requires the court to explain or refer to the rights in a manner reasonably intelligible to the defendant entering the plea. *Id.*

{¶10} During the plea hearing, the trial court specifically and literally advised appellant of each constitutional right. Moreover, the court expressly asked appellant if he understood his rights, the nature of what he was waiving, and the ultimate effect of the guilty plea he was entering. Further, during the colloquy with the judge, appellant specifically acknowledged that he understood his plea operated as a complete

3

admission of guilt and that by accepting the plea he was waiving his right to trial by jury as well as any defense he may have to the charges. In addition, at the close of appellant's sentencing hearing, appellant stated he wanted to enter the plea because he "[has] a history and [continues] to make some mistakes, so I figured this time go-around I should stand up, be a man and own up to what I did 'cause that's where it's gonna start." It is therefore clear from the record that the appellant understood the consequences of entering into the plea agreement and that the trial court met its obligations under Crim.R. 11(C).

**{¶11}** Appellant's first assignment of error lacks merit.

**{¶12}** Appellant's second assignment of error provides:

**{¶13}** "The trial court committed reversible and plain error when it sentenced the defendant without properly giving him all the notifications concerning post-release control. (1/22/18, T.p. 7, T.d. 29)."

**{¶14}** Appellant contends the trial court failed to inform of all necessary notifications concerning post-release control, therefore committed plain error. In particular, appellant argues the court erred in failing to notify him that he would be subject to consecutive prison terms, pursuant to R.C. 2929.141(A), if he commits a felony while on post-release control. We do not agree.

**{¶15}** The Supreme Court of Ohio has defined "plain error" in *State v. Barnes*, 94 Ohio St.3d 21, 27, as follows:

**{¶16}** "Under Crim.R. 52(B), '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.' 'By its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, i.e., a

4

deviation from a legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial. * * *"

{¶17} Recently, in *State v. Gordon*, ___ Ohio St.3d ___, 2018-Ohio-1975, the Ohio Supreme Court held:

{¶18} Applying the plain language of R.C. 2929.19(B)(2)(e), we hold that the statute does not require that a trial court notify an offender at his initial sentencing hearing of the penalty provisions contained in R.C. 2929.141(A)(1) and (2) (provisions that apply only when an offender is convicted of committing a new felony while serving a period of postrelease control). *Gordon*, *supra*, at ¶2.

{¶19} Appellant's argument is therefore unavailing.

{¶20} In interest of a comprehensive analysis, we shall nevertheless consider whether the court properly imposed appellant's post-release control. At the sentencing hearing, the trial court made the following statements regarding post-release control:

{¶21} You will be subject to post-release control pursuant to Ohio Revised Code 2967.28. If you violate the terms of your post-release control, you could receive an additional prison term not to exceed 50 percent of your original prison term. Post-release control period is a mandatory period of three years and your potential penalty could be up to two-and-a-half yours. Do you understand that?

{¶22} Appellant responded in the affirmative.

{¶23} The court's sentencing order also provided:

{¶24} The court thereupon notified the Defendant that after release from prison, the defendant will be supervised under (mandatory) post release control R.C. 2967.28 for three years and that if the defendant violates the terms of the post-release control the defendant could receive an additional prison term not to exceed 50 percent of his original prison term.

5

{¶25} In *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶1, the Ohio Supreme Court held:

{¶26} [T]o validly impose post-release control when the court orally provides all the required advisements at the sentencing hearing, the sentencing entry must contain the following information: (1) whether post-release control is discretionary or mandatory, (2) the duration of the post-release-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the post-release control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of post-release control will subject the offender to the consequences set forth in that statute.

{¶27} In this case, the post-release control notification was statutorily compliant as the trial court verbally advised appellant of post-release control and its effects and incorporated all the necessary advisements into the order.

{¶28} Appellant's second assignments of error lacks merit.

{¶29} For his third assignment of error, appellant asserts the following:

{¶30} "The trial court committed reversible and plain error at the sentencing hearing by failing to comply with R.C. 2929.19(B)(2)(f). (1/22/18, T.p. 5, T.d. 29)."

{¶31} Appellant argues that the court committed reversible error at his sentencing hearing by not informing him that he would not be permitted to ingest or be injected with a drug of abuse and that he would also be subject to random drug tests, pursuant to R.C. 2929.19(B)(2)(f). Appellant's assertion is without merit.

{¶32} Under R.C. 2929.19(B)(2)(f), a trial court that determines a prison term is necessary, shall:

{¶33} Require that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in section 341.26, 753.33, or 5120.63 of the Revised Code, whichever is applicable to the offender who is serving a prison term, and require that the results of the drug test administered under any of those sections indicate that the offender did not ingest or was not injected with a drug of abuse.

6

**{¶34}** Nothing in the statute requires the sentencing court to expressly notify a defendant of this consequence; rather, it states that the court must require that a defendant "not ingest or be injected with a drug of abuse and submit to random drug testing * * *." Moreover, the Second Appellate District has noted that the requirements of the statute "were not intended to benefit a defendant, but to facilitate drug testing of prisoners in state institutions" and discourage drug use. *State v. Arnold*, 2d Dist. Clark No. 02CA 0002, 2002-Ohio-4977, ¶37. Hence, the statute creates no substantive right and we therefore discern no error in the court's failure to expressly notify appellant under subsection (B)(2)(f).

**{¶35}** Finally, the Ohio General Assembly, via Senate Bill 66, which passed on June 27, 2018, legislatively removed current R.C. 2929.19(B)(2)(f) from the Revised Code. The revised version of the statute becomes effective on October 28, 2018. The legislature's decision to remove the subsection further underscores our position that an offender has no substantive right to be notified that he or she is prohibited from ingesting or being injected with drugs of abuse.

**{¶36}** In light of the foregoing, we conclude the trial court did not err in not informing appellant of the restrictions addressed in R.C. 2929.19(B)(2)(f).

**{¶37}** Appellant's third assignment of error is without merit.

**{¶38}** For his fourth and fifth assignments of error, appellant asserts respectively:

**{¶39}** "The Trial Court committed reversible and plain error by ordering the defendant to pay an 'assessment and recoupment fee.' (1/22/18, T.p.6, T.d. 29)."

**{¶40}** "The trial court committed reversible error in assessing a fine and an 'assessment and recoupment fee' without any regard to the defendant's ability to pay those amounts. (1/22/18, T.p.6, T.d. 29)."

**{¶41}** Under appellant's fourth assignment of error, he asserts that the trial court committed plain error by ordering him to pay an "assessment and recoupment" fee. Specifically, he argues that there is no statutory authority permitting the trial court to order him to pay those fees. In his fifth assignment of error, appellant argues that, in assessing fines, a recoupment fee, and court costs, the court committed reversible error by not considering his ability to pay those fines and costs.

**{¶42}** "R.C. 2929.18 permits a trial court to impose financial sanctions as part of a criminal sentence. Pursuant to R.C. 2929.19(B)(5), prior to imposing a financial sanction, a trial court is required to 'consider the offender's present and future ability to pay the amount of the sanction or fine.' A trial court need not explicitly state that it considered the offender's ability to pay; such consideration, however, may be inferred from the record under proper circumstances. *State v. McNaughton*, 11th Dist. Lake No. 2011-L-083, 2012-Ohio-1271, ¶30." *State v. Taylor*, 11th Dist. Portage No. 2011-P-0090, 2012-Ohio-3890, at ¶47. This court also clarified that "court costs are not financial sanctions" and that a court does not need to consider a defendant's ability to pay when imposing costs. *Id.* at ¶48. "Indeed, pursuant to R.C. 2937.23, the imposition of costs is mandatory * * *" absent waiver under certain circumstances." *Id.*

**{¶43}** At the sentencing hearing, the trial court stated the following:

**{¶44}** [Appellant will] be assessed a fine of $300.00 and court costs as well as any assessment recoupment fee. I will allow him ten years to pay. If you cannot pay, I will allow you to do community work service through the adult probation department of up to 40 hours a week at $10.00 per hour until paid in full. Your court costs are

currently $260.00, to work this off you have to do 56 community work service hours.

**{¶45}** Appellant first contends the trial court lacked authority to impose "assessment recoupment fees." We first note that appellant did not object to the imposition of these fees. We accordingly review this issue for plain error.

**{¶46}** Although the court expressly stated appellant would be required to pay these fees, the fees are not defined in the record and the court did not specify an amount appellant would be obligated to pay. Similarly, appellant has failed to demonstrate, by reference to the record, that any such assessment or recoupment fees were actually assessed against him. Without more information regarding the nature of the fees and whether a sum certain was assessed, we discern no error.

**{¶47}** Moreover, the court's statements on record demonstrates it considered appellant's present and future ability to pay the fee and costs. The court imposed a relatively small fine and afforded appellant a lengthy period of time to pay the same. The court also offered appellant the alternative of "working off" the fine in the event he was unable to pay the sanction. In *State v. Chioncio*, 11th Dist. Portage No. 2012-P-0057, 2013-Ohio-4296, this court was faced with a similar case. In affirming the trial court's imposition of the financial sanction, this court stated:

**{¶48}** "[T]he $300 fine was relatively minimal, and the trial court gave appellant a reasonable amount of time to work it off through "sweat equity" if necessary. There is no evidence in the record to indicate that appellant is not an able-bodied person capable of physical labor." *Id.* at ¶69.

**{¶49}** The record indicates appellant inquired into taking college classes and there was no indication he was physically unable to engage in a community work

9

service in the event that he could not pay.  We therefore conclude the trial court did not err in imposing the fine.

{¶50}  Appellant's fourth and fifth assignments of error are without merit.

{¶51}  For the reasons discussed in this opinion, the judgment of the Portage County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.