[Cite as *State v. Wolfe*, 2024-Ohio-1911.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| JOSHUA W. WOLFE, | : | Case No. 2023CA0030 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

**NUNC PRO TUNC**

CHARACTER OF PROCEEDING:      Appeal from the Coshocton County
                              Court of Common Pleas, Case No.
                              2023 CR 0067


JUDGMENT:                     Affirmed


DATE OF JUDGMENT:             May 17, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISHANA L. CARROLL                      CHRISTOPHER C. BAZELEY
Assistant Prosecuting Attorney            9200 Montgomery Rd., Suite 8A
Coshocton County Prosecutor's Office      Cincinnati, Ohio 45242
318 Chestnut Ave.
Coshocton, Ohio 43812

*Baldwin, J.*

**{¶1}** Appellant, Joshua W. Wolfe appeals the sentence imposed by the Coshocton County Court of Common Pleas after he entered a guilty plea to a charge of Aggravated Trafficking in Drugs in violation of R.C. §2925.03.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On August 28, 2023, the appellant was indicted on one count of Aggravated Trafficking in Drugs in violation of R.C. §2925.03.

**{¶3}** On November 1, 2023, the appellant entered a plea of guilty to the indictment.

**{¶4}** A sentencing hearing was held the same day. The trial court advised the appellant of the possible minimum and maximum sentences, that the minimum sentence is mandatory, and then accepted the appellant's guilty plea. He was sentenced to seven to ten and a half years in prison.

**{¶5}** The appellant timely filed a notice of appeal and his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed..2d 493 (1967). In *Anders*, the Supreme Court of the United States held that if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Anders* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and, (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfied these requirements, the appellate court must

fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant the counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶6} The appellant's brief lists the following potential assignments of error:

{¶7} "I. THE TRIAL COURT FAILED TO ADVISED (sic) WOLFE OF HIS RIGHT TO APPEAL AT SENTENCING."

{¶8} "II. THE TRIAL COURT FAILED TO PROPERLY ADVISE WOLFE THAT ANY SENTENCE FOR VIOLATING A CONDITION OF PRC WOULD BE SERVED CONSECUTIVELY TO A SENTENCE ON A NEW FELONY CONVICTION."

{¶9} Appellate counsel suggests there are no issues that could be considered meritorious in the assignments of error. Counsel timely served the appellant with a copy of the brief, but he has not filed a brief in response to the service of the *Anders* brief.

## ANALYSIS

### I.

{¶10} In the first proposed assignment of error, counsel considers whether the trial court's failure to advise the appellant of his right to appeal constituted reversible error and concludes there is no merit to that alleged error.

{¶11} Crim.R. 32(B) states:

**(B) Notification of Right to Appeal.**

(1)     After imposing sentence in a serious offense that has gone to trial,

the court shall advise the defendant that the defendant has a right to appeal

the conviction.

(2)      After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed.

(3)      If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court also shall advise the defendant of all of the following:

(a)      That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

(b)      That if the defendant is unable to obtain counsel for an appeal, the defendant has the right to appeal without payment;

(c)      That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;

(d)      That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

b.      Upon defendant's request, the court shall forthwith appoint counsel for appeal.

{¶12} Crim.R. 52(A) defines harmless error as "[a]ny defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Any alleged error in failing to inform defendants of their appellate rights under Crim.R. 32(B) is harmless where an appeal was timely filed and no prejudice was shown. *State v. McCrae*, 5th Dist. Muskingum No. CT2017-0008, 2017-Ohio-2968, ¶18.

{¶13} In the case *sub judice*, the trial court failed to advise the appellant of his appellate rights as required by Crim.R. 32(B). However, the trial court appointed appellate

counsel, and appellate counsel timely filed a notice of appeal. The appellate did not allege any prejudice. Therefore, any error the trial court committed by failing to advise the appellant of his appellate rights is harmless.

{¶14} Accordingly, we agree that the appellant's first proposed assignment of error is without merit.

**ANALYSIS**

**II.**

{¶15} In the second proposed assignment of error, counsel considers whether the trial court's failure to advise the appellant that any sentence for violating a condition of post-release control would be served consecutively to a sentence on a new felony conviction constituted reversible error and concludes there is no merit to that alleged error.

{¶16} R.C. §2929.141, in pertinent part, states:

(A)    Upon the conviction of or plea of guilty to a felony by a person or post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under

post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

**{¶17}** However, "R.C. 2929.141(A) does not require the trial court in the original sentencing context to notify a defendant that a court sentencing the defendant for a subsequent crime can impose additional sanctions for the violation of post-[release control]." *State v. Mozingo*, 4th Dist. Adams No. 16CA1025, 2016-Ohio-8292, 72 N.E.3d 661, ¶29. "This view is supported by both the plain language of R.C. 2929.141(A) and the prevailing weight of authority. The Third, Seventh, Eighth, Ninth, Eleventh, and Twelfth Districts have all held that R.C. 2929.141 does not require that the trial court notify the defendant of the potential penalties at sentencing." *Mozingo* at ¶28, citing *State v. Burgett*, 3d Dist. Marion No 9-10-37, 2010-Ohio-5945, ¶28.; *State v. Susany*, 7th Dist. Mahoning No. 07 MA 7, 2008-Ohio-1543, ¶95; *State ex rel. Cornwall v. Sutula*, 8th Dist. Cuyahoga No. 103322, 2015-Ohio-4704, ¶7; *State v. Mundy*, 9th Dist. Medina No. 15CA0001-M, 2016 WL 3570367, *State v. Chionchio*, 11th Dist. Portage No. 2012-P-0057, 2013-Ohio-4296, ¶32; *State v. Mullins*, 12th Dist. Butler No. CA2007-01-028, 2008-Ohio-1995, ¶12.

**{¶18}** As this was the appellant's original case, the trial court was not required to inform the appellant that any sentencing for violating his post-release control would be served consecutively to a sentence on a new felony conviction.

**{¶19}** Accordingly, we agree that the appellant's second proposed assignment of error is without merit.

## CONCLUSION

**{¶20}** For the foregoing reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Coshocton County Court of Common Pleas.

By: Baldwin, J.

Gwin, P.J. and

King, J. concur.